# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JEFFERAGE CAPICE WHITE,

    Movant,

vs.                                      Case No.:   3:19-cv-1276-BJD-JBT
                                                                     3:16-cr-32-BJD-JBT

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

    Jefferage Capice White moves to vacate his conviction and sentence under 28 U.S.C. § 2255. (Civ. Doc. 1, § 2255 Motion; Civ. Doc. 2, Memorandum.)[1] The United States responds that the § 2255 Motion is untimely. (Civ. Doc. 5, Response.) White filed a reply brief (titled a "traverse") and an affidavit, which the Court has reviewed. (Civ. Doc. 8, Reply; Civ. Doc. 8-1, Affidavit.) Thus, the § 2255 Motion is ripe for a decision.

    Under 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court determines that a hearing is unnecessary to resolve the motion. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing on a § 2255 motion is not required when the petitioner

---

[1] Citations to the record in the criminal case, No. 3:16-cr-32-BJD-JBT, will be denoted "Crim. Doc. __." Citations to the record in the civil 28 U.S.C. § 2255 case, No. 3:19-cv-1276-BJD-JBT, will be denoted "Civ. Doc. __."

1

asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts he alleges are true, he still would not be entitled to any relief). For the reasons below, the § 2255 Motion is due to be dismissed as untimely.

## I.      Background

A federal grand jury indicted White on one count of aiding and abetting bank fraud, in violation of 18 U.S.C. §§ 1344 and 2 (Count One), and one count of aiding and abetting aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2 (Count Two). (Crim. Doc. 1, Indictment.) White pled guilty to Count Two under a written plea agreement. (Crim. Doc. 36, Plea Agreement.) He admitted that on December 18, 2015, he entered a Navy Federal Credit Union (a federally chartered financial institution) in Jacksonville, Florida and, using the name and identity of J.F., tried to withdraw $100 from J.F.'s bank account. Id. at 12–13. As part of the plea agreement, White waived the right to appeal his sentence, with four exceptions not relevant here. Id. at 7–8.[2]

The Magistrate Judge who presided over the plea colloquy recommended that, "[a]fter cautioning and examining Defendant under oath concerning each of the subjects mentioned in Rule 11, I determined that the guilty plea was

---

[2]      White reserved the ability to appeal his sentence if (1) the sentence exceeded the guidelines range as calculated by the Court, (2) the sentence exceeded the statutory maximum, and (3) the sentence violated the Eighth Amendment. Id. at 7. He also would be released from the waiver if the government appealed the sentence. Id. at 7–8.

2

knowledgeable and voluntary, and that the offense charged is supported by an independent basis in fact containing each of the essential elements of such offense." (Crim. Doc. 37, Report and Recommendation.) The Court accepted White's guilty plea and adjudicated him accordingly. (Crim. Doc. 40, Acceptance of Plea.)

The Court sentenced White to the statutory term of 24 months' imprisonment, 18 U.S.C. § 1028A(a)(1), followed by one year of supervised release. (Crim. Doc. 45, Judgment.) The Court also determined that the prison sentence should run consecutively with White's state court sentences for two burglary convictions in Duval County Circuit Court Docket Numbers 15CF11093 and 15CF11098. Id. at 2; see also Crim. Doc. 42 (Presentence Investigation Report [PSR]) ¶¶ 66, 67; U.S.S.G. § 5G1.3(d).

The Court entered Judgment on May 31, 2017, and White did not file a notice of appeal. He filed the § 2255 Motion over two years later, on October 12, 2019. § 2255 Motion at 12.[3]

## II. The § 2255 Motion

White challenges his conviction and sentence based on three grounds of ineffective assistance of counsel. First, he alleges that his appointed federal public defender, Waffa Hanania, failed to consult him about his right to appeal,

---

[3]  See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

3

and had she done so he would have appealed his sentence. § 2255 Motion at 4; Memorandum at 8–13. According to White, he received a letter from Ms. Hanania on June 6, 2017, informing him that she agreed with his decision not to pursue an appeal, which surprised White because they had not discussed an appeal "at all." Memorandum at 5. White argues that Ms. Hanania had a duty to consult him about an appeal because he was "visibly upset" when the Court ordered his 24-month sentence to run consecutively with his state sentences for burglary. Id. at 11–12.

Second, White alleges that Ms. Hanania gave ineffective assistance by failing to object to the Court's decision to run his federal sentence consecutively with his state sentences. § 2255 Motion at 5; Memorandum at 14–18. He contends that under § 5G1.3(b) of the sentencing guidelines, the Court was required to run his federal sentence concurrently with his state sentences. White was frustrated that counsel failed to argue against consecutive sentences because he had shared research with her and a probation officer on the topic.

Finally, White alleges that Ms. Hanania failed to inform him of the time limit for filing a notice of appeal and about his right to be appointed counsel if he could not afford one. See § 2255 Motion at 6–7; Memorandum at 19–22. White asserts that counsel's failure to advise him of the 14-day time limit to file a notice of appeal caused him to forfeit his right to appeal. Memorandum at 19.

4

The government responds that the statute of limitations, 28 U.S.C. § 2255(f), bars White's claims and that White is not entitled to equitable tolling. Response at 1, 3–7. The government also argues that White's failure-to-consult claims fail on the merits. Id. at 7–10. And no evidentiary hearing is required, the government asserts, because the § 2255 Motion is untimely, and White's allegations do not suggest a basis for equitable tolling. Id. at 10–11.

In his Reply (Civ. Doc. 8) and attached affidavit (Civ. Doc. 8-1), White mainly reasserts the merits of his claims without directly addressing the government's statute-of-limitations argument. However, he says he did not file a § 2255 motion earlier because he was unaware of his federal appellate rights, he was remanded into state custody right after sentencing (where materials on federal law were unavailable), and it was not until he arrived at a federal facility in 2019 and met a jailhouse lawyer that he learned about his federal appellate rights and the alleged sentencing error under § 5G1.3(b). Reply at 5; see also Affidavit ¶ 6. The Court liberally construes these allegations as White's response to the government's statute-of-limitations argument.

### III. AEDPA's Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal prisoner may move to vacate, set aside, or correct his sentence within a one-year limitations period. 28 U.S.C. § 2255(f). The statute of limitations runs from the latest of:

5

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. "Typically, the applicable triggering date is 'the date on which the judgment of conviction becomes final.'" Beeman v. United States, 871 F.3d 1215, 1219 (11th Cir. 2017) (quoting 28 U.S.C. § 2255(f)(1)). In other words, the alternative trigger dates under §§ 2255(f)(2)–(4) tend to be the exception, not the norm. The statute of limitations applies on a claim-by-claim basis. Zack v. Tucker, 704 F.3d 917, 918 (11th Cir. 2013).

## IV. Discussion

### A. The statute of limitations

White's § 2255 Motion is untimely because he filed it over two years after his conviction and sentence became final, § 2255(f)(1), and he does not allege facts showing that §§ 2255(f)(2), (3), or (4) apply. Nor does White allege facts showing that equitable tolling can salvage his § 2255 Motion.[4]

---

[4] White does not invoke the actual innocence exception either. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). He does not contest his guilt, which he admitted. His claims concern

6

Because White did not pursue an appeal, his conviction and sentence became final 14 days after the entry of judgment, when the time to file a notice of appeal expired. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999); see also Fed. R. App. P. 4(b)(1)(A). The Court entered judgment on May 31, 2017, so White's conviction and sentence became final on June 14, 2017. Under § 2255(f)(1), he had until June 14, 2018, to move to vacate his conviction and sentence. Because White did not file the § 2255 Motion until October 12, 2019, the ineffective assistance claims in his § 2255 Motion are untimely.

Further, White does not allege facts showing that the alternative accrual dates under §§ 2255(f)(2), (3), or (4) apply. He does not identify an "impediment … created by governmental action in violation of the Constitution or laws of the United States" and which prevented him from filing the claims in his § 2255 Motion. 28 U.S.C. § 2255(f)(2). White alleges that he lacked access to federal law materials while incarcerated at a state prison, Reply at 5, but "[t]he mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment" and White fails to show "that this inability caused an actual harm." Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000). White also does not assert any right newly recognized by the United States Supreme Court and which applies retroactively on collateral review. 28

---

only his appellate rights and the Court's decision to run his federal sentence consecutively with his state sentences for burglary.

7

U.S.C. § 2255(f)(3).

Nor does White show that "the facts supporting the claim or claims presented" could not have been discovered "through the exercise of due diligence" until a year before he filed the § 2255 Motion. 28 U.S.C. § 2255(f)(4). This provision does not extend the statute of limitations for White because he does not describe exercising due diligence in discovering the facts supporting his claims. White states that after sentencing he was sent to a state prison where there were no federal law materials. Reply at 5. But the lack of <u>law</u> materials has nothing to do with White's ability to discover the <u>facts</u> supporting his claims. Besides, White does not describe any effort to request federal law materials, to discover the facts supporting his claims, or to otherwise preserve his rights. Instead, White did nothing until he arrived at a federal facility and met a jailhouse lawyer two years after he was sentenced. See Reply at 5; Affidavit ¶¶ 5, 6. These facts do not show "due diligence."

Moreover, White's claims rely on facts he would have known about well over a year before he filed the § 2255 Motion. In Grounds One and Three, White alleges that trial counsel failed to (1) consult him about his right to appeal even though he was visibly upset about his sentence and (3) advise him that he had 14 days to file a notice of appeal and that as an indigent person he would be entitled to the assistance of appointed counsel. White would have known that counsel had failed to consult him about these things by the time the sentencing

8

hearing ended, or at the latest, by the time counsel informed him by letter that an appeal would not be filed.[5] White does not allege that, between his judgment becoming final and him filing the § 2255 Motion, he believed counsel was pursuing an appeal. Cf. Aragon-Llamos v. United States, 556 F. App'x 826, 829–30 (11th Cir. 2014) (defendant was entitled to evidentiary hearing on whether his § 2255 motion was timely where he requested that his attorney file an appeal, the attorney's assistant assured defendant's family many times that an appeal was moving forward, and defendant only discovered belatedly that no appeal was filed).[6] To the contrary, White admits that he received a letter from counsel on June 6, 2017, in which she informed him that the Judgment had been entered on May 31, 2017, and that she "agree[d] with [White's] decision"

---

[5]  Whether White knew that these alleged failures or omissions were legally significant is another matter. But § 2255(f)(4) "speaks to discovery of facts supporting a claim, not a failure to appreciate the legal significance of those facts." United States v. Collins, 364 F. App'x 496, 498 (10th Cir. 2010) (emphasis added). See also Madaio v. United States, 397 F. App'x 568, 569–70 (11th Cir. 2010) ("Since Section 2255(f)(4) is predicated on the date that 'facts supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period."); Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) ("Time [for state prisoner's federal habeas petition] begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." (quoting Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000))); Barreto–Barreto v. United States, 551 F.3d 95, 100 n.4 (1st Cir. 2008) ("[T]he discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4)."); United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005) (noting that for the purposes of § 2255(f)(4), "time begins when the prisoner knows (or through due diligence could discover) the important facts, not when the prisoner recognizes their legal significance." (quoting Owens, 235 F.3d at 359)).

[6]  The Court does not rely on unpublished opinions as binding precedent, but they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see also Fed. R. App. P. 32.1.

9

not to pursue an appeal. Memorandum at 5. Although White says this letter surprised him because he and counsel had never discussed an appeal, he knew by June 6, 2017, at the latest that counsel would not be filing an appeal. As a result, § 2255(f)(4) does not extend the limitations period for Grounds One and Three.

Likewise, § 2255(f)(4) cannot save Ground Two, in which White alleges that counsel gave ineffective assistance by failing to object to the Court running his 24-month federal sentence consecutively to his state court sentences. White knew by the time the sentencing hearing concluded that counsel had not objected to or argued against a consecutive sentence. Indeed, White says he was upset at the sentencing hearing (or right afterward) because the Court had ordered his federal sentence to run consecutively with his state sentences and counsel had not argued against it. Memorandum at 5, 11, 17. Thus, § 2255(f)(4) does not extend the limitations period for Ground Two either.

### B. Equitable Tolling

White cannot fall back on equitable tolling to save his § 2255 Motion. Equitable tolling "is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" Cadet v. Fla. Dept. of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009)). "To warrant that extraordinary remedy, a petitioner must

demonstrate '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Id. (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011).

White suggests that he did not file a § 2255 motion earlier because (1) he was unaware of his federal appellate rights, (2) he went to a state prison right after sentencing, where the library had no federal law materials, and (3) he did not learn about his federal appellate rights or the alleged § 5G1.3 sentencing error until he arrived at a federal facility in 2019, where he met a jailhouse lawyer. See Reply at 5; see also Affidavit ¶ 6.[7] However, White fails to describe

---

[7] White's contention that he did not learn about the alleged sentencing error until 2019 is contradicted by his own allegations. Elsewhere, he states that months before sentencing, he conducted research that purportedly showed that his federal sentence should run concurrently with his undischarged state sentences. Memorandum at 10, 15. He alleges that he shared this research with defense counsel and the probation officer, that he was upset that neither his counsel nor the probation officer brought up the matter at sentencing, and that he was upset that the Court ordered his federal sentence to run consecutively with his state sentences. Id. at 10–12, 15–16. Thus, he was aware of the alleged sentencing error as soon as the sentence was imposed.
  At any rate, White is mistaken in his belief that § 5G1.3(b) required his federal sentence to run concurrently with his undischarged state sentences. Section 5G1.3(b) requires a district court to adjust a sentence or run it concurrently with another term of imprisonment only when the other term of imprisonment "resulted from another offense that is relevant conduct to the instant offense of conviction." White's state prison sentences were not for relevant conduct. See U.S.S.G. § 1B1.3(a) (defining relevant conduct). White's state prison sentences were for two burglary offenses that he committed in August–September 2014. See PSR ¶¶ 66, 67. The sentence here was for an aggravated identity theft he committed in December 2015. The aggravated identity theft and burglary offenses were separated by more than a year and had nothing to do with each other, such as a common scheme or plan. The

11

what due diligence he undertook. White admits that he knew at sentencing that the Court ordered his federal sentence to run consecutively with his state sentences, and that counsel had not objected to the same, because he says he was visibly upset about it at sentencing. Memorandum at 5, 11, 17. And White admits that he received a letter from counsel on June 6, 2017, which put White on notice about the entry of Judgment and that counsel was not pursuing an appeal. Id. at 5. Still, White did not try to contact the Court, file a pro se notice of appeal, or otherwise communicate his desire to appeal his sentence. See generally Crim. Docket, United States v. Jefferage White, No. 3:16-cr-32-BJD-JBT. Even if White was unaware of the 14-day time limit to file a notice of appeal[8], he filed nothing in this Court until more than two years after he received the June 6, 2017, letter. See id. White does not even allege that he tried to contact counsel after receiving her letter. Instead, White waited until October 2019 to file the § 2255 Motion. Such prolonged inaction displays a lack of

---

only thing they had in common was that White was arrested for all three offenses on the same day (December 19, 2015). But the mere fact that White was arrested for the offenses at the same time does not make the burglary offenses "relevant conduct" under § 1B1.3(a).

[8] Although the statute of limitations bars White's § 2255 Motion regardless, the Court notes that the record conflicts with White's allegations that he was unaware of the 14-day timeframe to file a notice of appeal, his right to appeal, and his right to the assistance of counsel on appeal. The minutes of the sentencing hearing reflect that the Court advised White "of [the] right to appeal and to counsel on appeal." (Crim. Doc. 44, Minute Entry of Sentencing); accord Fed. R. Crim. P. 32(j)(1). While the minute entry does not say whether the Court specifically advised White about the 14-day period to file a notice of appeal, it is the Court's practice always to include this information when advising defendants about their appellate rights after the imposition of sentence.

diligence.

Additionally, "a lack of a legal education and related confusion or ignorance about the law" is not an "excuse[] for a failure to file in a timely fashion." Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) (citing Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005)). Pro se litigants "are deemed to know of the one-year statute of limitations." Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007). And White's alleged lack of access to federal legal materials while in state custody is not an "extraordinary circumstance" that justifies equitable tolling. See Akins, 204 F.3d at 1089–90; Paulcin v. McDonough, 259 F. App'x 211, 213 (11th Cir. 2007). As a result, White is not entitled to equitable tolling of § 2255(f)'s statute of limitations.

## V. Conclusion

Having considered the parties' filings and arguments, the Court has determined that White's § 2255 Motion is barred by § 2255(f)'s statute of limitations. Neither § 2255(f)'s alternative trigger dates nor equitable tolling can render the motion timely. For these reasons, it is hereby **ORDERED:**

1. Petitioner Jefferage Capice White's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DISMISSED**.
2. The Clerk should enter judgment for the United States and against White and close the file.

3. If White appeals the denial of his motion, the Court denies a certificate of appealability (COA).[9] Because this Court has determined that a COA is not warranted, the Clerk will terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination will serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of July, 2022.

BRIAN J. DAVIS
United States District Judge

lc 19
Copies:
Counsel of record
Petitioner

---

[9] This Court should issue a COA only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court finds that a COA is not warranted.